David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Martin Schannong (SBN 243297)
schannongm@cmtlaw.com
CARLSON & MESSER LLP
5901 West Century Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
EDUCATIONAL CREDIT MANAGEMENT CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON O. RIVERA,<br><br>    Plaintiff,<br><br>vs.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>    Defendant. | CASE NO. 1:19-cv-01609-AWI-EPG<br><br>**ANSWER** |

Defendant EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("Defendant") hereby answers the Complaint of Plaintiff RAMON O. RIVERA ("Plaintiff") as set forth below.

## **NATURE OF THE ACTION**

1. Defendant admits that Plaintiff has brought an action. Defendant denies that Plaintiff's action has merit, and further denies the remaining allegations in Paragraph 1 of the Complaint.

## **JURISDICTION AND VENUE**

2. Defendant admits that Plaintiff has brought an action. Defendant denies that Plaintiff's action has merit. Defendant lacks sufficient knowledge or

information to admit or deny the remaining allegations in Paragraph 2 of the Complaint, which also constitute legal conclusions.

3. Defendant admits that it may conduct business in the Eastern District of California from time to time. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 3 of the Complaint, which also constitute legal conclusions.

## PARTIES

4. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Complaint.

5. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Complaint, which also constitute legal conclusions.

6. Defendant is a nonprofit guaranty agency under the Higher Education Act of 1965, 20 U.S.C. § 1071, et seq. ("HEA"). As such, Defendant helps the United States Department of Education to administer the Federal Family Education Loan Program ("FFELP"). This requires Defendant to perform the numerous duties for guaranty agencies set forth in the HEA and Code of Federal Regulations. While attempts to collect defaulted FFELP loans may be part of Defendant's responsibilities as a guaranty agency, such responsibilities do not constitute Defendant's principal purpose. To the extent the allegations in Paragraph 6 of Plaintiff's Complaint are inconsistent with any of the foregoing, Defendant denies them. Defendant admits that it has a business address of 111 Washington Avenue South, Suite 1400, Minnesota, MN 55401.

7. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Complaint, which also constitute legal conclusions.

8. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint.

## FACTS SUPPORTING CAUSES OF ACTION

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the Complaint. Defendant is still investigating Plaintiff's claims.

12. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Complaint. Defendant is still investigating Plaintiff's claims.

13. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint. Defendant is still investigating Plaintiff's claims.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant admits that Plaintiff mentioned bankruptcy in a brief telephone conversation, but denies that Plaintiff provided his attorney's contact information.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

## COUNT I - TCPA

24. Defendant incorporates by reference its responses set forth above.

///

25. The allegations in Paragraph 25 of the Complaint constitute legal conclusions to which no response is required. To the extent these allegations are directed against Defendant specifically, Defendant denies them.

26. Defendant denies using an ATDS. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of the Complaint, which also constitute legal conclusions.

29. Defendant denies the allegations in Paragraph 29 of the Complaint, and further denies that Plaintiff is entitled to the relief requested under said Paragraph.

## **COUNT II - RFDCPA**

30. Defendant incorporates by reference its responses set forth above.

31. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 31 of the Complaint, which also constitute legal conclusions.

32. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 32 of the Complaint, which also constitute legal conclusions.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. The allegations in Paragraph 34 of the Complaint constitute legal conclusions to which no response is required. To the extent these allegations are directed against Defendant specifically, Defendant denies them.

35. The allegations in Paragraph 35 of the Complaint constitute legal conclusions to which no response is required. To the extent these allegations are directed against Defendant specifically, Defendant denies them.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. The allegations in Paragraph 37 of the Complaint constitute legal conclusions to which no response is required. To the extent these allegations are directed against Defendant specifically, Defendant denies them.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. The allegations in Paragraph 40 of the Complaint constitute legal conclusions to which no response is required. To the extent these allegations are directed against Defendant specifically, Defendant denies them.

41. The allegations in Paragraph 41 of the Complaint constitute legal conclusions to which no response is required. To the extent these allegations are directed against Defendant specifically, Defendant denies them.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. The allegations in Paragraph 43 of the Complaint constitute legal conclusions to which no response is required. To the extent these allegations are directed against Defendant specifically, Defendant denies them.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint, and further denies that Plaintiff is entitled to the relief requested under said Paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that the FDCPA and RFDCPA do not apply as against Defendant, e.g. because Defendant is a student

{00127149;1}                                    5
                                                                ANSWER
                                              CASE NO. 1:19-cv-01609-AWI-EPG

loan guaranty agency with a fiduciary duty to the U.S. Department of Education, and not a "debt collector" within the meaning of the FDCPA or RFDCPA.

### THIRD AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims against Defendant are exclusively governed by the Higher Education Act of 1965, 20 U.S.C. § 1071, et seq. ("HEA"), and that Plaintiff's claims are an improper attempt to circumvent the HEA, which does not permit a private right of action against Defendant.

### FIFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred in part or in full by the terms and conditions of the subject student loan(s).

### SIXTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous, and that Defendant at all times acted in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy statutorily required preconditions before filing this action, including, but not limited to, exhausting administrative remedies.

### NINTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that the Higher Education Act of 1965, 20 U.S.C. § 1071, et seq. ("HEA") and/or other federal law preempts all or some of Plaintiff's claims.

### TENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that any alleged calls to Plaintiff were made with prior express consent.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that any alleged calls to Plaintiff's telephone number were made with a good faith belief that there was valid consent for said calls to be placed. To the extent the telephone number was reassigned following Defendant's receipt of consent to call the number, Defendant's reliance on the consent it had been given previously was reasonable.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that no alleged calls to Plaintiff were made by an automatic telephone dialing system or an artificial or prerecorded voice.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it is not subject to the requirements of the TCPA, as the TCPA does not apply to calls placed to collect debts owed to or guaranteed by the United States.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred by the Bankruptcy Code and/or related case law, e.g. to the extent Plaintiff filed for bankruptcy and failed to list this lawsuit and/or related claim(s) as an asset.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims

may be barred by the doctrines of unclean hands, laches, res judicata, waiver and/or estoppel, or similar equitable doctrines.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent he lacks standing and/or jurisdiction to assert them.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that any damages that Plaintiff may recover against Defendant in this action must be offset against all amounts owed to Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial.

DATED: December 20, 2019   CARLSON & MESSER LLP

By:   s/Martin Schannong
David J. Kaminski
Martin Schannong
Attorneys for Defendant
EDUCATIONAL CREDIT
MANAGEMENT CORPORATION

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2019, a true and correct copy of the foregoing document entitled ANSWER was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

DATED: December 20, 2019    CARLSON & MESSER LLP

By:    s/Martin Schannong
David J. Kaminski
Martin Schannong
Attorneys for Defendant
EDUCATIONAL CREDIT MANAGEMENT CORPORATION